IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ROYCE CORLEY, | § | |
| | § | No. 83, 2025 |
| Defendant Below, | § | |
| Appellant, | § | Court Below–Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N24M-09-005 |
| STATE OF DELAWARE, | § | |
| | § | |
| Appellee. | § | |

Submitted: August 22, 2025
Decided: November 18, 2025

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the parties' briefs and the Superior Court record, it appears to the Court that:

(1)     Royce Corley appeals his designation as a tier II sex offender. After careful review of the parties' arguments, we affirm the Superior Court's judgment.

(2)     In 2013, a federal jury convicted Corley of three counts of sex trafficking a minor, in violation of 18 U.S.C. § 1591, and one count of possession of child pornography, in violation of 18 U.S.C. § 2252A.[1] The victims were three 16-year-old girls. Corley was sentenced to ten years of incarceration, followed by

---

[1] *United States v. Corley*, 2020 WL 4676650, at *2 (S.D.N.Y. Aug. 11, 2020).

probation.[2]  The United States Court of Appeals for the Second Circuit affirmed Corley's convictions and sentence on appeal.[3]

(3)     Under Delaware's sex-offender registration statute ("SORS"), anyone convicted of a specified sex offense must register as a sex offender and be assigned to a risk assessment tier level according to the offense.[4]  An individual convicted of an offense in another jurisdiction that requires registration under that jurisdiction's SORS or that is "the same as, or equivalent to" an offense enumerated in Delaware's SORS must register as a sex offender in Delaware once he becomes a Delaware resident.[5]  A separate hearing on an offender's tier designation is not required because further fact-finding is not needed: "the law's [registration] requirements turn on an offender's conviction alone—a fact that a convicted offender has already had a procedurally safeguarded opportunity to contest."[6]  Immediately after his release from prison, Corley resided in New York.  In 2022, Corley moved to Delaware and registered as a tier I sex offender.

(4)     In September 2024, the State moved to designate Corley as a tier II sex offender.  In support of its motion, the State claimed that Corley's federal conviction for sex trafficking of a minor is the same as, or equivalent to, a Delaware conviction

---

[2] *Id.*
[3] *United States v. Corley*, 679 Fed. Appx. 1 (2d Cir. 2017).
[4] 11 *Del. C.* § 4120(b); *id.* § 4121(d).
[5] *Id.* § 4120(e)(2).
[6] *Banks v. State*, 2025 WL 2963817, at *1 (Del. Oct. 20, 2025) (quoting *Conn. Dep't of Public Safety v. Doe*, 538 U.S. 1, 7 (2003)).

for sexual servitude, and Corley's federal conviction for possession of child pornography is the same as, or equivalent to, a Delaware conviction for possession of child pornography. Following a hearing, a Superior Court commissioner granted the State's motion on the alternative basis that Delaware's SORS specifically requires a person convicted under Section 2252A be designated a tier II sex offender.[7] Corley appealed to a Superior Court judge, who affirmed the commissioner's decision. This appeal followed.

(5) On appeal, Corley argues, as he did below, that (i) he is not required to register as a sex offender in Delaware because he is not required to register as a sex offender under New York or federal law; (ii) "at most," he should be designated a tier 1 sex offender; and (iii) he had a right to the assistance of counsel and a jury trial in these proceedings. Corley's claims are unavailing.

(6) Corley first argues that the doctrines of *res judicata* and collateral estoppel, as well as the Full Faith and Credit Clause of the United States Constitution, bar Delaware from "relitigating" his sex offender status. Corley premises his claims on a New York Supreme Court judge's finding that Corley was not required to register as a sex offender in New York. But Corley's sex offender status in New York is ultimately irrelevant: Delaware's SORS unequivocally

---

[7] 11 *Del. C.* § 4121(d)(2)(b) (providing that anyone convicted of the "[f]ederal offenses found at 18 U.S.C. § 2243, § 2244, § 2251, § 2251A, § 2252, § 2252A, § 2260, § 2421, § 2422(b), [and] § 2423(a)" must be designated a tier II sex offender).

3

provides that a person convicted under Section 2252A *must* be designated a tier II sex offender. Moreover, Corley *is* required to register as a sex offender in New York; the Appellate Division of the New York Supreme Court reversed the judge's decision, finding that Corley was required to register because of his conviction for possession of child pornography.[8] Corley's claim that a clerical error on the federal court's sentencing form means that he is not required to register as a sex offender under federal law is also incorrect. When Corley committed the conduct for which he was convicted, any individual convicted of a sex offense was required to register under federal law.[9]

(7) Corley next claims that because his conviction for possession of child pornography involved constitutionally protected speech, only his convictions for sex

---

[8] *People v. Corley*, 225 N.Y.S.3d 99, 100 (N.Y. App. Div. 2025) ("The court should have denied defendant's motion to dismiss the [Sex Offender Registration Act] proceeding insofar as defendant claimed that his federal conviction of possession of child pornography is not a registerable sex offense in New York."). In any event, the doctrines of *res* judicata and collateral estoppel would not bar "relitigating" Corley's sex offender status under Delaware law: the State of Delaware was not a party to the New York proceedings, and the New York proceedings did not address the issue of whether Corley must register as a sex offender under Delaware law. *See Betts v. Townsends, Inc.*, 765 A.2d 531, 534 (Del. 2000) ("Essentially, *res judicata* bars a court or administrative agency from reconsidering conclusions of law previously adjudicated [between the same parties] while collateral estoppel bars relitigations of issues of fact previously adjudicated.").

[9] *See* 42 U.S.C. § 16911(1) (effective July 27, 2006, to August 31, 2017) ("The term 'sex offender' means an individual who was convicted of a sex offense."); *id.* § 16913(a) (effective July 27, 2006, to August 31, 2017) ("A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence."). These provisions remain in effect today, now codified at 34 U.S.C. § 20911(1) and 34 U.S.C. § 20913(a), respectively.

trafficking of a minor—which warrant only a risk assessment tier I designation under Delaware's SORS—can form the basis of his sex offender status in Delaware. This argument, too, is unavailing. Corley had the opportunity at trial to argue that Section 2252A was facially invalid or unconstitutional as applied to him. But his risk-assessment tier designation is based solely on the fact that he was, in fact, convicted of possession of child pornography under federal law.

(8)   Finally, we reject Corley's argument that he was entitled to counsel because the proceedings below were criminal. This Court has previously held that Delaware's SORS is civil, not criminal, because its intent is to protect the public, not punish the sex offender.[10] There is no right to the appointment of counsel at State expense in civil proceedings.[11] Finally, to the extent that Corley argues that he was entitled to have a jury determine his victims' ages, he had that opportunity when he went to trial in 2013 and the jury found that "the Government had proven beyond a reasonable doubt that Corely knew each victim was under the age of 18."[12]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[10] *Helman v. State*, 784 A.2d 1058, 1075-78 (Del. 2001).
[11] *In re Estate of Hall*, 882 A.2d 761, 2005 WL 2473791, at *1 (Del. Aug. 26, 2005) (TABLE).
[12] *Corley*, 2020 WL 4676650, at *2.